UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

JAMES McCALL AND SAMIA McCALL, administrators and personal representatives of the estate of M.M. and heirs, individually and on behalf of C.M. and S.M., minor children,

Plaintiffs,

v.

BOISE SCHOOL DISTRICT; THE IDAHO DEPARTMENT OF EDUCATION; RYAN GANT; PAMELA DIETZ; HELGA FRANKENSTEIN; ANGELA KULM; DAVE WAGERS; and John and/or Jane Doe(s); in their individual capacities,

Defendants.

Case No. 1:25-cv-00533-DCN

**MEMORANDUM DECISION AND ORDER**

## I. INTRODUCTION

Before the Court are two unrelated Motions filed by Plaintiffs: a Motion to Disqualify Counsel (Dkt. 27) and Motion to Withdraw as Counsel and Extend Deadlines (Dkt. 28).

Plaintiffs move the Court for an order disqualifying the law firm of Anderson, Julian & Hull LLP ("AJH") from representing Defendant Boise School District ("BSD") based upon a relationship with Dan Skinner, BSD's former General Counsel. *See generally* Dkt.

27. BSD opposes the Motion. Dkt. 30.

Separately, in light of the Court's prior order, Plaintiff James McCall now seeks leave of the Court to withdraw as counsel for Samia McCall, minor S.M, and the Estate of M.M. (pending the appearance of substitute counsel), but remain as counsel for himself and C.M. who has reached the age of majority. Dkt. 28. He also seeks extensions of the Court's prior deadlines to provide sufficient time for substitute counsel to appear, coordinate any motion for reconsideration of the Court's prior decision, and file an Amended Complaint. *See generally id*. One Defendant, Idaho Department of Education ("IDOE"), has filed a response indicating it has no position on this motion and leaves the decision to the Court's discretion. Dkt. 29. No other Defendant responded.

Upon review, and for the reasons set forth below, the Court DENIES the Motion to Disqualify AJH and GRANTS the Motion to Withdraw and Extend Deadlines.[1]

## II. BACKGROUND

James and Samia McCall are attorneys licensed in Idaho and are the parents of C.M., M.M., and S.M, who at the time of the events in question were all minors. Dkt. 1, at 2. M.M. tragically took her own life on November 2, 2023. Dkt. 1, at 5.[2]

The McCalls filed suit, arguing BSD and IDOE failed to meet their obligations under the Individuals with Disabilities Education Act ("IDEA"), Title II of the Americans with Disabilities Act ("ADA"), and Section 504 of the Rehabilitation Act ("Section 504").

Both BSD and IDOE filed Motions to Dismiss (Dkts. 12, 16). While the motions

[1] The Court finds the facts and legal arguments are adequately presented and will decide the Motion on the record and without oral argument. Dist. Idaho Loc. Civ. R. 7.1(e)(1)(B).

[2] For a detailed recitation of the facts, the reader is directed to the Court's prior order. Dkt. 26, at 2–3.

focused largely on the substance of the McCalls' claims, a threshold matter was James McCall's representation of himself, his wife, his minor children, and M.M.'s estate. The Court did not dismiss the case outright based upon the somewhat complicated representation structure, but expressed its "concerns," noting the situation was "fraught with ethical and professional issues," and recommended the McCalls consider retaining "independent counsel" for themselves—individually or collectively. Dkt. 26, at 7, 19. Substantively, the Court also found certain claims had to be dismissed, but granted the McCalls leave to amend within 30 days. *Id*. at 20.

Two weeks after the Court's decision, the McCalls filed the two present motions. The Court will address each in turn.

## III. DISCUSSION

### A. Motion to Disqualify AJH (Dkt. 27)

*1. Background*

Dan Skinner was BSD's general counsel from 2019 to October 2025. From October 6, 2025, to January 12, 2026, Skinner was a non-equity partner at AJH. The McCalls allege Skinner's prior employment at BSD, combined with his five-month employment at AJH, creates a conflict of interest requiring the entire firm of AJH to disqualify themselves from representing BSD in this case. BSD disagrees.[3]

[3] It appears BSD utilized smaller spacing in its brief to meet the page limitation. Doing so violated the local rules of this District. *See* Dist. Idaho Loc. Civ. R. 7.1(a)(2) ("the use of small fonts and/or minimal spacing to comply with the page limitation is not acceptable."). In the future, the Court expects all briefing to comply with the local rules.

*2. Legal Standard*

A motion to disqualify is governed by state law. *Parkland Corp. v. Maxximum Co.*, 920 F. Supp. 1088, 1090 (D. Idaho 1996). Under Idaho law, the moving party has the burden of proof in such motions. *Id*. at 1091. The Idaho Rules of Professional Conduct, as adopted and interpreted by the Idaho Supreme Court, are instructive on motions to disqualify. *Id*.

*3. Analysis*

The McCalls cite a plethora of Idaho Rules of Professional conduct they believe are implicated in this case and serve as the basis for AJH's disqualification. The overarching rule, however, is Rule 1.7 which provides as follows: "(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest." By extension, Rule 1.10 imputes any conflict of interest caused by a single attorney to an entire law firm. The McCalls contend AJH's continued representation of BSD in this case is suspect because of Skinner's former employment at AJH and is either a direct or imputed conflict of interest.

As a threshold matter, BSD alleges the McCalls do not have standing to bring this motion and also argue the motion is nothing more than a litigation tactic aimed at wasting resources and undermining the process—even suggesting fees may be warranted because the Motion was brought in bad faith. The Court disagrees. Setting aside the technical question of whether one litigant has standing to seek enforcement of the Idaho Rules of Professional Conduct against an opposing party, the Court does not feel the McCall's

motion was a waste of time or improper litigation tactic. The issue was worth raising.[4]

Nonetheless, the Court has carefully reviewed the applicable Idaho Rules of Professional Conduct, the posture of this case, the parties' briefs, and Skinner's declaration, and finds no reason to disqualify AJH as BSD's counsel at this time.

As BSD points out, the McCalls' arguments are convoluted, suggesting the conflict arises between BSD and Skinner, BSD and AJH, AJH and the public interest, AJH and taxpayers, AJH and students, AJH and former BSD employees, or AJH and itself. The Motion shifts among these theories without identifying an actual client conflict of interest as recognized by Rule 1.7. That failure is fatal because disqualification requires a specific, identifiable conflict, not generalized allegations of bias, reputational concerns, or disagreement with litigation positions between various parties (and non-parties).

Moreover, as both AJH and Skinner have confirmed, Skinner was screened off of *any* BSD matter during his short tenure at AJH. Thus, even if Plaintiffs identified some specific conflict of interest—which they have not—Skinner did not "bill time for, work on, consult on, or otherwise participate . . ." in this case (or any other BSD case) while working at AJH. Dkt. 30-1, at 2.[5]

In short, while the Court understands the McCalls initial concern, there is no indication of a concurrent conflict of interest—as defined by the Idaho Rules of

---

[4] The Court is uniquely aware of the situation at bar because it presides over unrelated litigation where concerns related to Skinner's employment at BSD and AJH also arose. However, none of the issues from the other case bear on anything in this case.

[5] Notably, Skinner joined AJH *before* this case was filed, was only there for five months, and left *before* this motion was filed. His relationship with AJH was truly of a short duration and there is no indication any of his work from BSD carried over to his time at AJH or that any of his assignments at AJH were related to his time as general counsel for BSD.

Professional Conduct—nor any reason to disqualify AJH from representing BSD in this case. The Motion is DENIED.

**B. Motion to Withdraw and Extend Deadlines (Dkt. 28)**

*1. Background*

As noted, this motion came on the heels of the Court's decision recommending the McCalls consider restructuring how they proceed with representation in this case. James[6] now states he would like to continue representing himself and C.M.—who has reached the age of majority[7] and consented to his representation. He asserts separate counsel will be enlisted to represent the remaining Plaintiffs—Samia McCall, minor S.M., and the estate of M.M.

Additionally, to allow sufficient time to obtain new counsel and coordinate with the same, James seeks a 90-day extension (until September 8, 2026) to file an amended complaint and a similar 90-day extension for any motion to reconsider the Court's prior order.[8]

*2. Analysis*

The Court finds good cause to grant both portions of James's Motion.

To begin, James is clearly trying to heed the Court's concerns. The Court did not *mandate* he withdraw but nevertheless suggested doing so might be the best path forward.

[6] To delineate this motion from the prior motion—and because this motion is truly brought solely by James McCall—the Court will refer to James simply by his first name.
[7] Insofar as C.M. has reached the age of majority, he/she should be identified by his/her full name in any Amended Complaint.
[8] James recognizes the federal rules do not impose a fixed deadline for reconsideration of interlocutory orders but asks for this extension all the same to provide any new counsel an opportunity to evaluate the Court's prior order.

Thus, good cause exists to allow all the Plaintiffs time to sort out the issue of their representation.[9]

Second, it may take time for any new counsel to get up to speed, review the filings already in this case, and decide whether any motions need to be filed before moving forward.

Likewise, allowing time for all Plaintiffs' attorneys to coordinate and file an Amended Complaint serves the ends of justice.

Thus, James is permitted to withdraw as counsel for those Plaintiffs he has identified. The District of Idaho's local rules outline a very specific procedure when an attorney withdraws from representation. *See* Dist. Idaho Loc. Civ. R. 83.6(c). Although some of the procedural requirements may be somewhat redundant in this case—because most of the Plaintiffs presumably live together—the Court will still require compliance to ensure uniformity and a clean record. Thus, the Court orders as follows:

1. Pursuant to District of Idaho Local Civil Rule 83.6(c), the Motion to Withdraw is GRANTED and James McCall is permitted to withdraw from representing Samia McCall, S.M., and the Estate of M.M.
2. James shall continue to represent Plaintiffs pursuant to District of Idaho Local Civil Rule 83.6(c)(1) until proof of service of this withdrawal order on the clients

[9] The Court is not entirely convinced the new proposal is the best structure. James will still be representing himself (as a "pro-se attorney-litigant") while simultaneously representing one of his children. One or more attorneys will purportedly represent the remaining plaintiffs. Again, the Court cannot see, *at this time*, any firm legal barrier to the proposed structure. And to reiterate, James's efforts on this front are much appreciated. But the Court still harbors some minor concerns about James's dual role and overlapping interests.

has been filed with the Court.[10]

3. Samia McCall, S.M., and the Estate of M.M. will be allowed twenty-one (21) days from the date of this order to advise the Court in writing in what manner they will be represented.

4. If Samia McCall, S.M., and the Estate of M.M. fail to appear in the action, either in person or through a newly appointed attorney within such twenty-one (21) day period, such failure will be sufficient grounds for the entry of dismissal based upon the failure to prosecute.

5. James will and with due diligence serve all other parties and either personally serve copies of the Order upon the named parties or mail the Order by first class mail, return receipt requested.

6. Upon proof of service, no further proceedings can be had in this action for a period of twenty-one (21) days.

Finally, Plaintiffs deadline to file an Amended Complaint is EXTENDED until October 1, 2026.[11]

///

///

///

///

///

///

---

[10] In lieu of any proof of service, the Court would accept a declaration from James.
[11] Again, no formal extension is necessary for any hypothetical motion to reconsider.

## IV. ORDER

1. The McCalls' Motion to Disqualify (Dkt. 27) is DENIED. AJH will remain as counsel for BSD in this case.
2. James McCall's Motion to Withdraw and Extend Deadlines (Dkt. 28) is GRANTED as outlined above.

DATED: August 14, 2026

David C. Nye
U.S. District Court Judge